[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11141
Non-Argument Calendar

_____

D. C. Docket No. 06-14108-CV-DLG

DONALD S. BALDWIN,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 8, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Petitioner is a Florida prison inmate serving a sentence of 25 years for second degree murder. He petitioned the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. That court transferred the case to the United States District Court for the Southern District of Florida under the erroneous belief that petitioner was incarcerated in that district. The court below recognized the error but denied petitioner's motion to transfer the case back to the Middle District of Florida. Petitioner now appeals the court's decision. We issued a certificate of appealability on the issue of whether the district court erred in denying petitioner's motion.

Section 2241 states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for <u>the district wherein such person is in custody</u> or in the district court for <u>the district within which the State court was held which convicted and sentenced him</u> and each of such district courts shall have <u>concurrent jurisdiction</u> to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) (emphasis added).

Petitioner was convicted, sentenced, and is incarcerated in counties located in the Middle District of Florida.  Accordingly, the district court for that district should entertain the instant petition.  We therefore vacate the district court's order denying petitioner's motion to transfer, and remand the case with the instruction that the district court transfer the case to the Middle District of Florida.

SO ORDERED.